UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BONNIE & CLAUS INC.,

    Plaintiff(s),

v.

IMRAN RAHMAN, et al.,

    Defendant(s).

Case No. 2:21-cv-01837-RFB-NJK

**Order**

[Docket No. 24]

Pending before the Court is a stipulation to reopen the discovery period and extend deadlines. Docket No. 24.[1]

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[2] This showing of

---

[1] The discovery cutoff expired nearly a month ago. Docket No. 24 at 3; *see also* Docket No. 14. As such, the stipulation does not seek just an "extension" of that deadline, but also a reopening of it.

[2] Citing a Ninth Circuit decision from 1980, the stipulation indicates that district courts must take a lenient approach in reviewing requests to amend a scheduling order. Docket No. 24 at 2. In the decades since that decision, however, the Ninth Circuit has repeatedly emphasized that a scheduling order must be taken seriously by parties and is not amendable for the asking. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one"); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines"); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("We have held that Federal Rule of Civil Procedure 16 is to be taken seriously"); *Johnson*, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket,

diligence is measured by the parties' conduct during the entirety of the period of time already allowed.  *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. Lexis 169110, at *11-12 (D. Nev. Dec. 15, 2015).  When a request seeks to reopen an expired deadline, an additional showing of excusable neglect must be made.  Local Rule 26-3; *accord Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017).

In this case, the stipulation does not address or make a showing of excusable neglect, which alone dooms the request.  Moreover, a sufficient showing has not been made as to good cause. The Court is particularly troubled by the fact that Defendants have conducted no affirmative discovery at all, but the stipulation indicates that they intend to propound "written discovery"[3] on Plaintiff at this late stage.  Docket No. 24 at 1-2.  This begs the question of why such discovery was not propounded earlier.  Moreover, the fact that the parties are discussing settlement is not generally considered good cause for an after-the-fact extension.  *Cf. United States v. Jaynes Corp.*, 2015 U.S. Dist. Lexis 82928, at *3 (D. Nev. June 22, 2015) (collecting cases).

Accordingly, the stipulation to reopen and extend is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: June 27, 2022

Nancy J. Koppe
United States Magistrate Judge

---

disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier" (internal citation and quotations omitted)).  Moreover and importantly, the stipulation seeks not just an "extension," but also the reopening of an expired deadline.

[3] The local rules require parties filing requests to extend deadlines in the scheduling order to "specify[]" the discovery already conducted and to provide a "specific description" of the remaining discovery.  Local Rule 26-3.  Providing generalized information, such as "written discovery," does not meet this requirement because it is not specific.